PS 8
(Revised 12/04)

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEVADA

U.S.A. vs. RICARDO DENSMORE                   Docket No: 2:20-cr-00126-APG-VCF-3

### Petition for Action on Conditions of Pretrial Release

COMES NOW ARMANDO AYALA, U.S. PRETRIAL SERVICES OFFICER ASSISTANT, presenting an official report upon the conduct of defendant Ricardo Densmore. The defendant initially appeared on June 5, 2020 before Your Honor and was ordered released on a personal recognizance bond.

On June 5, 2020, the U.S. Attorney's Office submitted a motion for Chief U.S. District Judge Miranda Du to review the release order. On June 8, 2020, a motion hearing was held before Judge Du and on June 9, 2020, an order to vacate the release order was issued. The defendant was ordered detained pending trial.

On June 26, 2020, defense counsel submitted a motion to reopen the detention hearing. On July 1, 2020, a motion hearing was held before Your Honor and on that day the defendant was released on a Personal Recognizance Bond with the following conditions:

1. The defendant is placed in the custody of Rena McIntyre in Ypsilanti, Michigan who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings and (c) to notify the court immediately if the defendant violates any condition of release or disappears.
2. The defendant shall report to U.S. Pretrial Services for supervision.
3. The defendant shall abide by the following restrictions on personal association, place of abode, or travel: Travel is restricted to the Eastern District of Michigan. The defendant may travel to the District of Nevada for the purpose of Court.
4. The defendant shall maintain residence at: 1419 McCarthy Street, Ypsilanti, Michigan 48198 and may not move prior to obtaining permission from the Court, Pretrial Services or the supervising officer.
5. The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.
6. The defendant shall avoid all contact directly or indirectly with co-defendant(s) unless it is in the presence of counsel.
7. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.
8. Any firearms and/or dangerous weapons shall be removed from the defendant's possession within 24 hours of release from custody and the defendant shall provide written proof of such to Pretrial Services or the supervising officer.

9. The defendant shall provide written proof that his/her access to and possession of said firearm and/or dangerous weapon(s) has been discontinued. The written proof shall be provided to Pretrial Services or the supervising officer.

10. The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. This includes Marijuana and/or any item containing THC.

11. The defendant shall refrain from the use or possession of synthetic drugs or other such intoxicating substances.

12. The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.

13. The defendant shall pay all or part of the cost of the testing program based upon his/her ability to pay as Pretrial Services or the supervising officer determines.

14. The defendant shall participate in the following location monitoring program component and abide by its requirements as Pretrial Services or the supervising officer instructs.

> Home Detention:  The defendant is restricted to his/her residence at all times except for employment; education; religious services; medical, substance use or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities preapproved by Pretrial Services or the supervising officer.

15. Report via telephone any instance of COVID-19 symptoms, exposure, and/or quarantine immediately to the supervising officer.

16. Comply with the directives of medical, public health, and government officials with respect to a quarantine and/or stay-at-home order.

17. The defendant shall be allowed to be in the presence of Rena McIntyre and Ricardo Palmer.

18. The defendant shall provide travel arrangements to Pretrial Services regarding travel to the Eastern District of Michigan.

**Respectfully presenting petition for action of Court and for cause as follows:**

1. The defendant traveled to Las Vegas, Nevada on August 17, 2020 without the approval of the Court and Pretrial Services.

2. The defendant violated the terms of Location Monitoring – Home Detention by leaving his residence to travel to Las Vegas, Nevada without authorization.

**PRAYING THAT THE COURT WILL ORDER THAT A SUMMONS BE ISSUED BASED UPON THE ALLEGATIONS OUTLINED ABOVE.  FURTHER, THAT A HEARING BE SET TO SHOW CAUSE WHY PRETRIAL RELEASE SHOULD NOT BE REVOKED.**

ORDER OF COURT

Considered and ordered this _____ day of August, 2020 and ordered filed and made a part of the records in the above case.

I declare under penalty of perjury that the information herein is true and correct.  Executed on this  25th  day of August, 2020.

Respectfully Submitted,

_____
Honorable Brenda Weksler
U.S. Magistrate Judge

_____
Armando Ayala
U.S. Pretrial Services Officer Assistant
Place: Las Vegas, Nevada