AO 98 (Rev. 12/11) Appearance Bond

```
_____ FILED           _____ RECEIVED
_____ ENTERED         _____ SERVED ON
         COUNSEL/PARTIES OF RECORD

         OCT 04 2021

     CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 2:20-cr-0126-APG-VCF |
| DEVARIAN HAYNES ) | |
| _____ ) | |
| *Defendant* ) | |

## APPEARANCE BOND

### Defendant's Agreement

I, _____ DEVARIAN HAYNES _____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

( X )   to appear for court proceedings;
( X )   if convicted, to surrender to serve a sentence that the court may impose; or
( X )   to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

( X ) (1)   This is a personal recognizance bond.

(   ) (2)   This is an unsecured bond of $ _____ .

(   ) (3)   This is a secured bond of $ _____ , secured by:

    (   ) (a) $ _____ , in cash deposited with the court.

    (   ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value)*:

If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    (   ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| United States of America<br>v.<br>**DEVARIAN HAYNES**<br>*Defendant* | )<br>)<br>)   Case No.  2:20-cr-0126-APG-VCF<br>)<br>)<br>) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

　　The defendant must appear at: _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Place*

　　on _____
　　　　　　　　　　*Date and Time*

　　If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

AO 199B (Rev. 06/2021) Additional Conditions of Release                                                                 Page 3 of 7 Pages

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community. IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

**SUPERVISION**
( ) (6) The defendant is placed in the custody of:_____
                                              Person or organization
Address *(only if above is an organization)*_____

City and State _____

Tel. No. _____
*(only if above is an organization)*

who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed:
*Custodian or Proxy*_____ *Date*_____

( ) (7) The defendant shall report to:          ( ) U.S. Pretrial Services Office    ( ) Las Vegas 702-464-5630  ( ) Reno 775-686-5964
no later than: _____          ( ) U.S. Probation Office            ( ) Las Vegas 702-527-7300  ( ) Reno 775-686-5980
(✓) (8) The defendant is released on the conditions previously imposed.  *** See Condition #80

**BOND**
( ) (9) The defendant shall execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:_____
( ) (10) The defendant shall post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum:_____
( ) (11) The defendant shall execute a bail bond with solvent sureties in the amount of $_____

**PENDING MATTERS**
( ) (12) The defendant shall satisfy all outstanding warrants within _____ days and provide verification to Pretrial Services or the supervising officer.
( ) (13) The defendant shall pay all outstanding fines within_____ days and provide verification to Pretrial Services or the supervising officer.
( ) (14) The defendant shall abide by all conditions of release of any current term of parole, probation, or supervised release.

**IDENTIFICATION**
( ) (15) The defendant shall use his/her true name only and shall not use any false identifiers.
( ) (16) The defendant shall not possess or use false or fraudulent access devices.

**TRAVEL**
( ) (17) The defendant shall surrender any passport and/or passport card to U.S. Pretrial Services or the supervising officer.
( ) (18) The defendant shall report any lost or stolen passport or passport card to the issuing agency as directed by Pretrial Services or the supervising officer within 48 hours of release.
( ) (19) The defendant shall not obtain a passport or passport card.
( ) (20) The defendant shall abide by the following restrictions on personal association, place of abode, or travel:
Travel is restricted to the following areas:
        ( ) Clark County, NV ( ) Washoe County, NV ( ) State of NV ( ) Continental U.S.A. ( ) Other_____
( ) (21) The defendant may travel to_____ for the purpose of_____

**RESIDENCE**
( ) (22) The defendant shall maintain residence at ( ) current address, or ( ) at:_____
and may not move prior to obtaining permission from the Court, Pretrial Services or the supervising officer.
( ) (23) The defendant shall maintain residence at a halfway house or community corrections center as Pretrial Services or the supervising officer considers necessary.
( ) (24) The defendant shall pay all or part of the costs for residing at the halfway house or community corrections center based upon his/her ability to pay as Pretrial Services or the supervising officer determines.

( ) (25) The defendant shall return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s):_____

### EMPLOYMENT
( ) (26) The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.
( ) (27) The defendant shall not be employed in, or be present in, any setting directly involving minor children.
( ) (28) The defendant shall not secure employment in the following field(s):_____
( ) (29) The defendant is prohibited from employment/self-employment in a setting where he/she has access to financial transactions or the personal identifiers of others.

### EDUCATION/VOCATION
( ) (30) The defendant shall maintain or commence an education or vocational program as directed by Pretrial Services or the supervising officer.

### CONTACT
( ) (31) The defendant shall avoid all contact directly or indirectly with any person who is or may become a victim or potential witness in the investigation or prosecution, (including but not limited to:(_____).
( ) (32) The defendant shall avoid all contact directly or indirectly with co-defendant(s) unless it is in the presence of counsel.
( ) (33) The defendant is prohibited from contact with anyone under the age of 18, unless in the presence of a parent or guardian who is aware of the alleged instant offense.
    ( ) (33B) The defendant is prohibited from entering or remaining at any place primarily used by children under the age of 18, unless he/she has the express prior permission of his/her Pretrial Services Officer or supervising officer. Examples of such prohibited places include parks, schools, playgrounds, and child care facilities.
( ) (34) The defendant shall report as soon as possible to Pretrial Services or the supervising officer any contact with law enforcement personnel, including but not limited to any arrest, questioning, or traffic stop.

### FIREARMS/WEAPONS
( ) (35) The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.
( ) (36) Any firearms and/or dangerous weapons shall be removed from the defendant's possession by another responsible adult within 24 hours of release from custody.
( ) (37) The defendant shall provide written proof that his/her access to and possession of said firearm and/or dangerous weapon(s) has been discontinued. The written proof shall be provided to Pretrial Services or the supervising officer.

### SUBSTANCE USE TESTING AND TREATMENT

( ) (38) The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner. Except as authorized by court order, the defendant shall not possess, use or sell marijuana or any marijuana derivative (including THC) in any form (including edibles) or for any purpose (including medical purposes).
( ) (39) The defendant shall refrain from any use of alcohol.
( ) (40) The defendant shall refrain from the excessive use of alcohol.
( ) (41) The defendant shall refrain from the use or possession of synthetic drugs or other such intoxicating substances.
( ) (42) The defendant shall submit to an initial urinalysis. If positive, then (43) applies.
( ) (43) The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.
( ) (44) The defendant shall pay all or part of the cost of the testing program based upon his/her ability to pay as Pretrial Services or the supervising officer determines.
( ) (45) The defendant shall not be in the presence of anyone using or possessing:
    ( ) (45A) A narcotic drug or other controlled substances
    ( ) (45B) Alcohol
    ( ) (45C) Intoxicating substances or synthetics
( ) (46) The defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if Pretrial Services or the supervising officer considers it advisable.
( ) (47) The defendant shall pay all or part of the cost of the substance abuse treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

### MENTAL HEALTH TREATMENT
( ) (48) The defendant shall submit to a mental health evaluation as directed by Pretrial Services or the supervising officer.
( ) (49) The defendant shall participate in mental health treatment as directed by Pretrial Services or the supervising officer.
( ) (50) The defendant shall pay all or part of the cost of the medical or psychiatric treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

AO 199B (Rev. 06/2021) Additional Conditions of Release                                                    Page _5_ of _7_ Pages

**LOCATION MONITORING**
( ) (51) The defendant shall participate in one of the following location monitoring program components and abide by its requirements as Pretrial Services or the supervising officer instructs.
    ( ) (51A) Curfew.
        The defendant is restricted to his/her residence every day from to and/or a time schedule deemed appropriate by Pretrial Services or the supervising officer.
    ( ) (51B) Home Detention.
        The defendant is restricted to his/her residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities preapproved by Pretrial Services or the supervising officer.
    ( ) (51C) Home Incarceration.
        The defendant is restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.

( ) (52) The defendant shall submit to the type of location monitoring technology indicated below and abide by all of the program requirements and instructions provided by Pretrial Services or the supervising officer related to the proper operation of the technology.
    ( ) (52A) Location monitoring technology as directed by Pretrial Services or the supervising officer.
    ( ) (52B) Voice Recognition monitoring.
    ( ) (52C) Radio Frequency (RF) monitoring.
    ( ) (52D) Global Positioning Satellite (GPS) monitoring.
    (_) (52E) Stand Alone Monitoring: You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court.
        **Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

( ) (53) The defendant shall not tamper with, damage, or remove the monitoring device and shall charge the said equipment according to the instructions provided by Pretrial Services or the supervising officer.
( ) (54) The defendant shall pay all or part of the cost of the location monitoring program based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

**INTERNET ACCESS AND COMPUTERS**
( ) (55) The defendant shall not have access to computers or connecting devices which have Internet, Instant Messaging, IRC Servers and/or the World Wide Web, including but not limited to: PDA's, Cell Phones, iPods, iPads, Tablets, E-Readers, Wii, PlayStation, Xbox or any such devices, at home, place of employment, or in the community.

( ) (56) The defendant must not access the Internet except for the purpose(s) marked below:
    ( ) 56A. Employment
    ( ) 56B. Banking/Bill Paying
    ( ) 56C. Other_____

( ) (57) The defendant must submit his/her computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. The defendant must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A Pretrial Services Officer, or supervising officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

( ) (58) The defendant must allow Pretrial Services or the supervising officer to install computer monitoring software on any computer and/or internet capable device (as defined in 18 U.S.C. § 1030(e)(1)) he/she uses.

( ) (59) To ensure compliance with the computer monitoring condition, the defendant must allow the Pretrial Services Officer or supervising officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. The defendant must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

( ) (60) The defendant shall refrain from possession of pornography or erotica in any form or medium.

( ) (61) The defendant shall pay all or part of the cost of the internet monitoring software upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

( ) (62) Other_____

AO 199B (Rev. 06/2021) Additional Conditions of Release                                                                Page _6_ of _7_ Pages

**FINANCIAL**
( ) (63) The defendant shall not obtain new bank accounts or lines of credit.
( ) (64) The defendant shall not act in a fiduciary manner on behalf of another person.
( ) (65) The defendant shall not use any identifiers, access devices, or accounts, unless under his/her true name.
( ) (66) The defendant shall not solicit monies from investors.
( ) (67) The defendant shall disclose financial information as directed by Pretrial Services or the supervising officer.
( ) (68) The defendant shall reimburse the Treasury of the United States for the cost of _____ (name of attorney) representation at the rate of $_____ per _____, payable to the Clerk of the Court for deposit in the Treasury, as follows:

**SEARCH**
( ) (69) The defendant shall be subject to search of person, residence and/or vehicle as directed by Pretrial Services or the supervising officer to ensure compliance with these conditions.

**OTHER PROHIBITED ACTIVITIES**
( ) (70) The defendant shall refrain from gambling or entering any establishment whose primary business involves gambling activities.
( ) (71) The defendant is prohibited from entering any establishment whose primary source of business involves pornography, erotica, or adult entertainment.
( ) (72) The defendant shall withdraw from any interest, in any state, that he/she may have in any business which is related to the sale, distribution, manufacture or promotion of marijuana or synthetic marijuana. This includes other dispensaries or paraphernalia stores.
( ) (73) The defendant shall not obtain or renew a "medical marijuana" card within the State of Nevada or any other state.
( ) (74) All aspects of the _____ dispensary shall be closed.
( ) (75) All promotion, web sites and advertising associated with the establishment should be discontinued.
( ) (76) The defendant shall seek and maintain full time employment outside the field of medical marijuana and hydroponics.
( ) (77) The defendant shall have no involvement whatsoever in any medical marijuana program, to include consulting, manufacture, or dispensing of controlled substances, either voluntary or in return for compensation, nor can defendant be involved with individuals seeking a doctor's recommendation.
( ) (78) The defendant shall not visit or associate with any hydroponic, paraphernalia or dispensing stores.
( ) (79) The defendant shall have no involvement in the referral of medical marijuana.

**OTHER CONDITIONS**
(✓) (80) The defendant shall abide by other conditions as noted below:

The condition of house arrest may be revisited in a month and may be modified depending on the defendant's progress

The condition of actively seeking or maintaining verifiable employment is temporarily suspended while the defendant is on house arrest

All conditions previously imposed, including those ordered by The Honorable Judge Koppe and The Honorable Judge Bray, remain in effect

Defendant shall have no contact, directly or indirectly, with Miss Chambers

Once drug testing is reinstated in Texas, Defendant will resume being tested as previously ordered

AO 199C  (Rev. 09/08) Advice of Penalties                                                     Page __7__ of __7__ Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:  **DEVARIAN HAYNES**                          2:20-cr-0126-APG-VCF

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
(Defendant's Signature)

_____Tomball, TX_____
(City and State)

### Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____10/4/2021_____                    _____
                                                                         Judicial Officer's Signature

                                             Brenda Weksler, U.S. Magistrate Judge
                                             _____
                                                                  *Printed name and title*

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL