CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar Number 14853
LISA CARTIER GIROUX
Assistant United States Attorney
Nevada Bar No. 14040
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Email: Lisa.Cartier-Giroux@usdoj.gov

*Counsel for United States of America*

```
____FILED              ____RECEIVED
____ENTERED            ____SERVED ON
         COUNSEL/PARTIES OF RECORD

           MARCH 24, 2022

      CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY:_____DEPUTY
```

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

  Plaintiff,

  v.

RICARDO DENSMORE,

  Defendant.

No. 2:20-cr-00126-APG-VCF

**Binding Plea Agreement Pursuant to Fed. R. Crim. 11(c)(1)(C) for Defendant Ricardo Densmore**

This plea agreement between Ricardo Densmore ("defendant") and the United States Attorney's Office for the District of Nevada (the "USAO") sets forth the parties' agreement regarding the criminal charges referenced herein and the applicable sentences, and fines in the above-captioned case. **This is a binding agreement pursuant to Federal Rule Criminal Procedures 11(c)(1)(C).** The government and the defendant agree that a sentence of 24 months' imprisonment, 100 hours of community service, a supervised release term of 3 years, and a fine of $100.00 is appropriate in this case. If the district court accepts the plea agreement, it will be obligated to impose the agreed-upon sentence. This agreement binds defendant, the USAO, and the district court and does not bind the U.S. Probation Office, or any other federal, state, local,

or foreign prosecuting, enforcement, administrative, or regulatory authorities. This agreement does not prohibit the USAO or any agency or third party from seeking any other civil or administrative remedies, including administrative forfeiture or civil forfeiture *in rem* actions, directly or indirectly against defendant or defendant's property.

This agreement becomes effective upon signature by defendant, defendant's counsel, and an Assistant United States Attorney.

## I. DEFENDANT'S OBLIGATIONS

1. Defendant agrees to:

   a. Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with *Civil Disorder* in violation of 18 U.S.C. § 231(a)(3) (Count 1).

   b. Stipulate to the facts agreed to in this agreement;

   c. Abide by all agreements regarding sentencing contained in this agreement;

   d. Not seek to withdraw defendant's guilty plea once it is entered;

   e. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

   f. Not commit any federal, state, or local crime;

   g. Be truthful at all times with the U.S. Probation and Pretrial Services Offices and the Court;

   h. Before and after sentencing, upon request by the Court, the USAO, or the Probation Office, provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning defendant's assets and defendant's

2

ability to pay. As part of the required disclosure, defendant agrees to provide any and all financial information and authorizations requested by the Probation Office for preparation of the Presentence Report. Defendant further agrees that, upon filing of this agreement, the USAO is authorized to obtain defendant's credit report. Defendant will also complete a financial form provided by the USAO, to include all supporting documentation, and return it to the USAO within three (3) weeks from entry of the plea. Defendant agrees that the district court may enter any order necessary to effectuate or facilitate disclosure of defendant's financial information.

   f. To facilitate payment of any fine, restitution, or assessment, surrender assets defendant obtained directly or indirectly as a result of defendant's crimes. Defendant agrees to voluntarily release funds and property under defendant's control or in which defendant has any property interest, before and after sentencing, to pay any fine or restitution identified in this agreement, agreed to by the parties, or ordered by the Court.

## II. THE USAO'S OBLIGATIONS

2. The USAO agrees to:

  a. Stipulate to facts agreed to in this agreement;

  b. Abide by all agreements regarding sentencing contained in this agreement;

  c. At sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1, and move for an additional one-level reduction if available under that section;

  d. At sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that the district court may consider any dismissed charges in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed; and

e. Not bring any additional charges against defendant arising out of the investigation in the District of Nevada which culminated in this agreement and based on conduct known to the USAO. However, the USAO reserves the right to prosecute defendant for (a) any crime of violence as defined by 18 U.S.C. § 16; and (b) any criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371). Defendant agrees that the district court at sentencing may consider any uncharged conduct in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

### III. ELEMENTS OF THE OFFENSE

3. Count One: The elements of *Civil Disorder* under 18 U.S.C. § 231(a)(3) are as follows:

First: The defendant knowingly and with intent to obstruct, impede, and interfere with a law enforcement officer, that is, a Las Vegas Metropolitan Police Officer;

Second: Committed or attempted to commit an act to obstruct, delay, and interefere with that law enforcement officer;

Third: While that law enforcement officer was engaged in the lawful performance of his/her oficial duties incident to and during the commission of a civil disorder, as defined in 18 U.S.C. § 232(1); and

Fourth: The defendant's act in any way or degree obstructed, delayed, and adversely affected commerce or the movement of any article and commodity in commerce or the conduct and performance of any federally protected function as defined in 18 U.S.C. §§ 232(2) and (3).

1 | *See* 18 U.S.C. § 231(a)(3) and 18 U.S.C. § 232(1), (2) and (3).

## IV. CONSEQUENCES OF CONVICTION

4. <u>Maximum Statutory Penalties</u>:

   a. Defendant understands that the statutory maximum sentence the district court can impose for a violation of 18 U.S.C. § 231(a)(3), is a term of imprisonment of five (5) years, a fine of $250,000, a term of supervised release of three (3) years, any applicable forfeiture, and a mandatory special assessment of $100.00.

   b. <u>Parole Abolished</u>: Defendant acknowledges that defendant's prison sentence cannot be shortened by early release on parole because parole has been abolished.

   c. <u>Supervised Release</u>: Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

5. <u>Factors under 18 U.S.C. § 3553</u>: Defendant understands that the district court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence. However, the statutory maximum sentence limit the district court's discretion in determining defendant's sentence.

6. <u>Potential Collateral Consequences of Conviction</u>: Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the district court accepts defendant's

1  guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.
2  Defendant understands that the conviction in this case may also subject defendant to various
3  other collateral consequences, including but not limited to revocation of probation, parole, or
4  supervised release in another case and suspension or revocation of a professional license.
5  Defendant understands that unanticipated collateral consequences will not serve as grounds to
6  withdraw defendant's guilty plea.

7      7.    <u>Potential Removal/Deportation Consequences of Conviction</u>: Defendant
8  understands that, if defendant is not a United States citizen, the felony conviction in this case
9  may subject defendant to removal, also known as deportation, which may, under some
10 circumstances, be mandatory; denial of citizenship; and denial of admission to the United States
11 in the future. The district court cannot advise defendant fully regarding the immigration
12 consequences of the felony conviction in this case, but defendant's attorney has advised him
13 about the deportation risks of his guilty plea. Defendant understands that unexpected
14 immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

### V. FACTUAL BASIS

16     8.    Defendant admits that defendant is, in fact, guilty of the offense to which
17 defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to
18 trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable
19 doubt. Defendant further acknowledges that defendant's admissions and declarations of fact set
20 forth below satisfy every element of the charged offense. Defendant waives any potential future
21 claim that the facts defendant admitted below are insufficient to satisfy the elements of the
22 charged offense. Defendant admits and declares under penalty of perjury that the facts set forth
23 below are true and correct.

24

1    Defendant admits that on May 31, 2020, he along with his codefendants, WALKER and HAYNES, were in the vicinity of protests over the death of George Floyd that took place in in Las Vegas, Nevada. A marked Las Vegas Metropolitan Police Department (LVMPD) patrol unit containing gear and other equipment for officers in the area assigned to crowd control, was parked near the intersection of South Ninth Street and East Carson Avenue. The defendant stipulates and agrees that the LVMPD officers were lawfully engaged in the lawful performance of their official duties and that the marked unit was present to aid the officer in the lawful performance of their official duties, incident to and during the commission of a civil disorder as defined in 18 U.S.C. §232(1).

   Defendant admits that he, along with his co-defendants, WALKER and HAYNES, agreed to and did intentionally set fire to the LVMPD patrol unit parked at the intersection by purchasing gasoline, and pouring the gasoline into the police vehicle, and then lighting the poured gasoline on fire. Defendant admits he participated in the burning of the LVMPD patrol unit, with the intent to obstruct, impede, and interfere with the LVMPD officers.

   Defendant stipulates and agrees that his acts obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function as defined in 18 U.S.C. §§ 232(2) and (3). Specifically, the defendant stipulates and agrees that the LVMPD patrol unit that Defendant and his co-defendants burned was manufactured outside the state and federal district of Nevada, as was police equipment contained in the vehicle, and that LVMPD receives federal funding/grants some of which is used to purchase policing equipment.

   Defendant further stipulates and agrees that he knowingly created a substantial risk of death or serious bodily injury to persons in the area by creating a reasonably foreseeable result of

the ammunition stored in the patrol unit potentially exploding and creating vehicle shards, shrapnel, and shell casings discharging indiscriminately.

All of the foregoing occurred in the State and Federal District of Nevada.

## VI. SENTENCING FACTORS

9. <u>Discretionary Nature of Sentencing Guidelines</u>: Defendant understands that in determining defendant's sentence, the district court is required to calculate the applicable sentencing guidelines range and to consider that range, possible departures under the sentencing guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the sentencing guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated sentencing guidelines range, and that after considering the sentencing guidelines and the other § 3553(a) factors, the district court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

10. <u>Offense Level Calculations</u>: The parties stipulate to the following calculation of Defendant's offense level under the sentencing guidelines; the Court should use the following base offense level and adjustments; agree that these stipulations will bind the district court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) if it accept this plea agreement; and agree that they will not seek to apply or advocate for the use of any other base offense level or any other specific offense characteristics, enhancements, or reductions in calculating the advisory guidelines range. The United States Sentencing Guidelines Manual does not assign a specific guideline section for a violation of *Civil Disorder* - 18 U.S.C. § 231(a)(3). Thus, the most analogous section should be applied. USSG § 2X5.1. As the use of fire was involved in this case, the parties stipulate that USSG § 2K1.4 (arson) applies:

Base Offense Level [USSG § 2K1.4(a)(1)]:         24

|    |                                                                                      |
|----|--------------------------------------------------------------------------------------|
| 1  | Adjusted Offense Level:                                            24                |

11. <u>Reduction for Acceptance of Responsibility</u>: Under USSG § 3E1.1(a), the USAO will recommend that defendant receive a two-level downward adjustment for acceptance of responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when defendant enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when defendant enters the guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when defendant enters the guilty plea; (d) provides false or misleading information to the USAO, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding defendant's involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw defendant's guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG § 3E1.1(b), if the district court determines that defendant's total offense level before operation of § 3E1.1(a) is 16 or higher, and if the USAO recommends a two-level downward adjustment pursuant to the preceding paragraph, the USAO will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because defendant communicated defendant's decision to plead guilty in a timely manner that enabled the USAO to avoid preparing for trial and to efficiently allocate its resources.

12. <u>Criminal History Category</u>. Defendant acknowledges that the district court may base defendant's sentence in part on defendant's criminal record or criminal history. The district court will determine defendant's criminal history category under the sentencing guidelines.

13. <u>Additional Sentencing Information</u>: The stipulated sentencing guidelines calculations are based on information now known to the parties. Defendant understands that both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying

relevant information to the U.S. Probation and Pretrial Services Offices and the district court regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the district court's sentencing guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the U.S. Probation and Pretrial Services Offices and the district court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for defendant to withdraw defendant's guilty plea.

Defendant acknowledges that the U.S. Probation Office may calculate the sentencing guidelines differently and may rely on additional information it obtains through its investigation. Defendant also acknowledges that the district court may rely on this and other additional information as it calculates the sentencing guidelines range and makes other sentencing determinations, and the district court's reliance on such information shall not be grounds for defendant to withdraw defendant's guilty plea.

### VII. POSITIONS REGARDING SENTENCING

14. **This is a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C).** The parties will jointly recommend that the district court sentence Defendant to a 24-month term of imprisonment. In the event that a sentence of 24 months is outside Defendant's sentencing guideline range as determined by the district court, the parties will jointly request a variance to 24 months. In agreeing to this sentencing recommendation, the parties have taken into consideration all of the factors set forth in 18 U.S.C. § 3553(a) and conclude that a sentence of 24 months is a reasonable sentence. The parties understand and the

defendant acknowledges that, if the district court accepts this binding plea agreement, this recommended 24-month sentence will be binding on the district court pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C). Either party may withdraw from this Plea Agreement in the event that the district court informs the parties that it rejects this binding Plea Agreement. *See* Fed. R. Crim. P. 11(c)(1)(5).

15. The parties further jointly recommend that the district court order Defendant to complete 100 hours of community service after service of his sentence and while placed on a three-year term of supervised release.

16. If the district court rejects this binding Plea Agreement, defendant is advised that (a) the district court is not required to follow the plea agreement; (b) both defendant and the USAO have the opportunity to withdraw from the plea; and (c) if he plea is not withdrawn, the district court may dispose of the case less favorably toward the defendant than the plea agreement contemplated, pursuant to Fed. R. Crim. P. 11(c)(1)(A)-(C). Defendant acknowledges, if the district court rejects the plea agreement and defendant chooses not to withdraw defendant's guilty plea, the district court does not have to follow the recommendation of either party.

17. Notwithstanding its agreement to recommend a sentence as described above, the USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

18. If defendant commits any act that results in the Court finding that defendant is not entitled to a downward adjustment for acceptance of responsibility, the USAO is entitled to argue for any sentence it deems appropriate under 18 U.S.C. § 3553(a). In any such event, Defendant remains bound by the provisions of this agreement and shall not have the right to withdraw defendant's guilty plea.

## VIII. WAIVER OF CONSTITUTIONAL RIGHTS

19. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty;

   b. The right to a speedy and public trial by jury;

   c. The right to be represented by counsel—and if necessary have the court appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

   d. The right to be presumed innocent and to have the burden of proof placed on the USAO to prove defendant guilty beyond a reasonable doubt;

   e. The right to confront and cross-examine witnesses against defendant;

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify;

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant; and

   h. The right to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and any other pretrial motions that have been filed or could be filed.

## IX. WAIVER OF APPELLATE RIGHTS

20. <u>Waiver of Appellate Rights</u>. Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the statutory maximum term of imprisonment; (b) the right to appeal the manner in which the district court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other

aspect of the conviction, including but not limited to the constitutionality of the statute of conviction; any other aspect of the sentence; and any order of restitution or forfeiture.

21. Defendant reserves only the right to appeal any portion of the sentence that is above the statutory maximum term of imprisonment.

22. <u>Waiver of Post-Conviction Rights</u>. Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

23. <u>Preservation of Evidence</u>: Defendant acknowledges that the USAO and the agencies investigating this case are not obligated or required to preserve any evidence obtained in the investigation of this case.

## X. RESULT OF WITHDRAWAL OF GUILTY PLEA OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTION

24. <u>Consequence of withdrawal of guilty plea</u>: Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than the district court rejecting the binding plea agreement or a claim and finding that entry into this agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

25. <u>Consequence of vacatur, reversal, or set-aside</u>: Defendant agrees that if defendant's conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement, except that, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## XI. BREACH OF AGREEMENT

26. Defendant agrees that if, at any time after this agreement becomes effective, defendant knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the district court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will remain bound by the provisions of this agreement and will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

## XII. COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES.

27. Defendant understands that the Court and the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

28. Defendant understands that both defendant and the USAO are free to argue on appeal and collateral review that the district court's sentencing guidelines calculations and the sentence it chooses to impose are not error.

29. Defendant understands that, if the district court rejects the plea agreement and defendant chooses not to withdraw defendant's guilty plea, the district court may ignore any sentencing recommendation, find facts or reach conclusions different from those agreed to by the parties, or impose any sentence up to the maximum established by statute, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that, if the district court rejects the plea agreement and defendant chooses not to withdraw defendant's guilty plea, no one—not the prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## XIII. ADDITIONAL ACKNOWLEDGMENTS

30. The Defendant acknowledges that:

   a. Defendant read this agreement, and defendant understands its terms and conditions.

   b. Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

   c. Defendant carefully and thoroughly discussed all terms of this agreement with defendant's attorney.

   d. Defendant understands the terms of this agreement and voluntarily agrees to those terms.

   e. Defendant has discussed with defendant's attorney the following: the evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that

might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. 3553(a); the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

    f.    The representations contained in this agreement are true and correct, including the factual basis for defendant's offense set forth in this agreement.

    g.    Defendant was not under the influence of any alcohol, drug, or medicine that would impair defendant's ability to understand the agreement when defendant considered signing this agreement and when defendant signed it.

31. Defendant understands that defendant alone decides whether to plead guilty or go to trial, and acknowledges that defendant has decided to enter defendant's guilty plea knowing of the charges brought against defendant, defendant's possible defenses, and the benefits and possible detriments of proceeding to trial.

32. Defendant understands that no promises, understandings, or agreements other than those set forth in this agreement have been made or implied by defendant, defendant's attorney, or the USAO, and no additional promises, agreements, or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the district court.

33. Defendant acknowledges that defendant decided to plead guilty voluntarily and that no one threatened, coerced, or forced defendant to enter into this agreement.

34. Defendant is satisfied with the representation of defendant's attorney, and defendant is pleading guilty because defendant is guilty of the charges and chooses to take advantage of the promises set forth in this agreement and for no other reason.

## XIV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

35. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF NEVADA

CHRISTOPHER CHIOU
Acting United States Attorney

_____  3-20-2022
LISA CARTIER GIROUX              Date
Assistant United States Attorney

_____  5/16
RICARDO DENSMORE                 Date
Defendant

_____  03/16/2022
IVETTE MANINGO                   Date
Attorney for Defendant RICARDO DENSMORE