# FILED

# UNDER

# SEAL

CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar Number: 14853
LISA CARTIER-GIROUX
Assistant United States Attorney
United States Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
702-388-6336

## UNITED STATES DISTRICT COURT
### District of Nevada

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:20-cr-00126-APG-VCF-1 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PETITION FOR ACTION |
| | ) | ON CONDITIONS OF |
| TYREE WALKER | ) | PRETRIAL RELEASE |
| Defendant | ) | |

Attached hereto and expressly incorporated herein is a Petition for Action on Conditions of Pretrial Release concerning the above-named defendant prepared by Angela Loveless, U. S. Pretrial Services Officer. I have reviewed that Petition and believe there is sufficient credible evidence which can be presented to the Court to prove the conduct alleged, and I concur in the recommended action requested of the Court.

Dated this 26th day of April, 2022.

CHRISTOPHER CHIOU
Acting United States Attorney

By ___/S/_____.
LISA CARTIER-GIROUX
Assistant U. S. Attorney

PS 8
(Revised 12/04)

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEVADA

U.S.A. vs. TYREE WALKER                                      Docket No: 2:20-cr-00126-APG-VCF-1

Petition for Action on Conditions of Pretrial Release

COMES NOW ANGELA LOVELESS, U.S. PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant Tyree Walker. The defendant initially appeared on June 5, 2020 before U.S. Magistrate Judge Brenda Weksler and was ordered released on a personal recognizance bond with the following conditions of release:

1. The defendant shall report to U.S. Pretrial Services for supervision.
2. Defendant placed in the third-party custody of James Edward Erby, Jr. who agrees to supervise the defendant in accordance with all the release conditions, to use every effort to assure the defendant's appearance at all scheduled court proceedings and to notify the court immediately if the defendant violates any condition of release or disappears.
3. The defendant shall abide by the following restrictions on personal association, place of abode, or travel: Travel is restricted to Clark County, Nevada.
4. The defendant shall maintain his residence at 1212 Pontiac Avenue, North Las Vegas, Nevada 89030 and notify Pretrial Services or the supervising officer prior to any change.
5. The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.
6. The defendant is to avoid all contact directly or indirectly with co-defendant(s) unless it is in the presence of counsel.
7. The defendant shall maintain his residence at 1212 Pontiac Avenue, North Las Vegas, Nevada 89030 and notify Pretrial Services or the supervising officer prior to any change.
8. The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.
9. The defendant shall avoid all contact directly or indirectly with co-defendant(s) unless it is in the presence of counsel.
10. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
11. Any firearms and/or dangerous weapons shall be removed from the defendant's possession by another responsible adult within 24 hours of release from custody.
12. The defendant shall provide written proof that his access to and possession of said firearm and/or dangerous weapon(s) has been discontinued. The written proof shall be provided to Pretrial Services or the supervising officer.
13. The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, the wearing of a

sweat patch, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.

14. The defendant shall pay all or part of the cost of the testing program based upon his/her ability to pay as Pretrial Services or the supervising officer determines.

15. The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner including marijuana.

16. The defendant shall not be in the presence of anyone using or possessing a narcotic drug or other controlled substances including marijuana.

17. Report via telephone any instance of COVID-19 symptoms, exposure, and/or quarantine immediately to the supervising officer.

18. Comply with the directives or medical, public health, and government officials with respect to a quarantine and/or stay-at-home order.

19. Defendant is prohibited from participating in any protest for a period of 30 days without first obtaining permission from Pretrial Services.

On December 20, 2021, Judge Weksler modified the defendant's bond to include the following release condition:

1. The defendant shall not use hemp.

CIRCUMSTANCES

1. On March 7, 2022, the defendant tested positive for the presence of marijuana.
2. On March 17, 2022, the defendant tested positive for the presence of marijuana.
3. On March 22, 2022, the defendant tested positive for the presence of marijuana.
4. On April 9, 2022, the defendant tested positive for the presence of marijuana.
5. On January 22, 2022, on the defendant failed to report for drug testing.
6. On March 25, 2022, on the defendant failed to report for drug testing.
7. On April 6, 2022, on the defendant failed to report for drug testing.
8. On April 18, 2022, the defendant failed to report to Pretrial Services as directed.

**Respectfully presenting petition for action of Court and for cause as follows:**

**PRAYING THAT THE COURT WILL ORDER THAT WARRANT BE ISSUED UPON THE ALLEGATIONS OUTLINED ABOVE. FURTHER, THAT A HEARING BE HELD TO SHOW CAUSE WHY PRETRIAL RELEASE SHOULD NOT BE REVOKED.**

ORDER OF COURT

Considered and ordered this _____ day of April, 2022 and ordered filed and made a part of the records in the above case.

I declare under penalty of perjury that the information herein is true and correct. Executed on this 26th day of April, 2022.

Respectfully Submitted,

_____
Honorable Andrew P. Gordon
U.S. District Judge

_____
Angela Loveless
U.S. Pretrial Service Officer
Place: Las Vegas, Nevada